UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| RONALD D. FIELDS, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) | Case No. 1:13-cv-189 |
| JOHN C. FOLK, et al., | ) ) ) | |
| Defendants. | ) | |

## OPINION and ORDER

Before the Court is a Motion for Extension of Discovery Deadline and to Compel Plaintiff's Complete Answers to State Defendants' Discovery filed by Defendants Benjamin Fenstermaker, John Folk, Christopher Drake, Michelle Catterson, April Tackett, Calvin Mayotte, Clenis Bell, and Patrick Cousin (the "State Defendants") on September 2, 2014. (Docket # 89.) The Motion, however, is inadequate on several fronts.

Under Federal Rule of Civil Procedure 37(a)(1), a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Local Rule 37-1(a) adds the requirement that the certification be filed separately and include: "(1) the date, time, and place of any conference or attempted conference; and [2] the names of the parties participating in the conference."

"A good faith effort to resolve a discovery dispute requires that *counsel* converse, confer, compare views, consult and deliberate." *Imbody v. C & R. Plating Corp.*, No. 1:08-cv-218, 2010 WL 3184392, at *1 (N.D. Ind. Aug. 10, 2010) (emphasis added) (citation and internal quotation marks omitted); *see also Ellis v. CCA of Tenn., LLC*, No. 1:08-cv-0254-SEB-JMS, 2009 WL 234514, at

\*2 (S.D. Ind. Feb. 2, 2009) (citation omitted). "The requirement to meet and confer must be taken seriously, because 'before the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves.'" *Imbody*, 2010 WL 3184392, at \*1 (quoting *Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006)).

Here, the State Defendants' Motion is inadequate because they failed to file a separate Local Rule 37-1 certification. And even if they had filed a separate certification, the purported conference that they describe in the Motion is inadequate because it merely indicates that their counsel's paralegal sent one email to Plaintiff's counsel's legal assistant.

A single e-mail sent by a paralegal to a legal assistant, however, falls woefully short of a good faith attempt at a conference. *See Forest River Hous., Inc. v. Patriot Homes, Inc.*, No. 3:06-cv-841, 2007 WL 1376289, at \*2 (N.D. Ind. May 7, 2007) ("[T]wo emails . . . do not constitute meaningful discussion or serious negotiations to resolve the disputed discovery issue."); *In re FedEx Ground Package Sys., Inc.*, No. 3:05-MD-527 FM (MDL-1700), 2007 WL 79312, at \*7 (N.D. Ind. Jan. 5, 2007) ("[A] single email sent by the Plaintiffs does not constitute an engagement in a conference to resolve the discovery dispute."); *Hoelzel v. First Select Corp.*, 214 F.R.D. 634 (D.C. Colo. 2003) (concluding that a single email did not satisfy the meet-and-confer requirement); *see generally Imbody*, 2010 WL 3184392, at \*1 (concluding that several letters exchanged between counsel was not a good faith conference); *Shoppell v. Schrader*, No. 1:08-cv-284, 2009 WL 2515817, at \*1-2 (N.D. Ind. Aug. 13, 2009) (finding that a telephone call and a letter was not a good faith conference); *Pinkham v. Gen. Prods. Corp.*, No. 1:07-cv-174, 2007 WL 4285376, at \*1 (N.D. Ind. Dec. 3, 2007) (concluding that an exchange of five letters was not a good faith conference).

To reiterate, "[t]he requirement to meet-and-confer must be taken seriously . . . ." *Garcia v. Aartman Transp. Corp.*, No. 4:08-cv-77, 2010 WL 2427571, at \*4 (N.D. Ind. June 4, 2010) (citation

and internal quotation marks omitted). "The parties are reminded that discovery is supposed to be a cooperative endeavor, requiring minimal judicial intervention." *C.A. v. Amli at Riverbend LP*, No. 1:06-cv-1736-SEB-JMS, 2008 WL 1995451, at *2 (S.D. Ind. May 7, 2008) (citing *Airtex Corp. v. Shelley Radiant Ceiling Co.*, 536 F.2d 145, 155 (7th Cir. 1976)).

And as an additional matter, the State Defendants' Motion actually incorporated two motions–the motion to compel and a motion for extension of discovery. But Local Rule 7-1(a) states that "[m]otions must be filed separately" if they are not presented in the alternative.

For all of these reasons, the State Defendants' Motion for Extension of Discovery Deadline and to Compel Plaintiff's Complete Answers to State Defendants' Discovery (Docket # 89) is DENIED without prejudice.

SO ORDERED.

Entered this 2nd day of September, 2014.

s/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge