# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| RONALD D. FIELDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: 1:13-CV-189 |
| | ) |
| JOHN C. FOLK, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is a Joint Motion for Extension of Discovery Deadline filed on October 21, 2014, by Plaintiff Ronald Fields and Defendants Benjamin Fenstermaker, John Folk, Christopher Drake, Michelle Catterson, April Tackett, Calvin Mayotte, Clenis Bell, and Patrick Cousin (the "State Defendants"). (Docket # 95.) In the motion, the parties ask that the discovery deadline be extended from October 24, 2014, to December 19, 2014, and the fully-briefed dispositive motion deadline from December 31, 2014, to February 16, 2015, for the reason that Plaintiff has not been communicating with his counsel.

For the following reasons, the Motion will be denied.

### *A. Procedural Background*

Plaintiff filed this 42 U.S.C. § 1983 suit on June 12, 2013, alleging various Fourth Amendment and state law violations stemming from his arrest on or about July 1, 2012. (Docket # 1, 47.) At a preliminary pretrial conference on February 6, 2014, the Court set a discovery deadline of September 5, 2014. (Docket # 57.) On August 20, 2014, the District Judge set a December 31, 2014, deadline for fully-briefed dispositive motions; an April 6, 2015, deadline for a proposed final pretrial order; a final pretrial conference for April 13, 2015;

and a three-day jury trial to commence on April 28, 2015. (Docket # 88.) The Court later extended the discovery period to October 24, 2014; and reset the final pretrial order deadline to April 1, 2015, and the final pretrial conference to April 8, 2015. (Docket # 93-94.)

### B. Legal Standard

A scheduling order under Federal Rule of Civil Procedure 16(b) "may be modified only for good cause . . . ." Fed. R. Civ. P. 16(4); *see United States v. 1948 S. Martin Luther King Drive*, 270 F.3d 1102, 1110 (7th Cir. 2001). "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking the amendment." *Fluker v. Cnty. of Kankakee*, 945 F. Supp. 2d 972, 980 (C.D. Ill. 2013). "[I]n this context, 'good cause' means that the deadline could not be met despite the party's diligence." *Heckler & Koch, Inc. v. German Sport Guns GmbH*, 976 F. Supp. 2d 1020, 1030 (S.D. Ind. 2013) (citation omitted).

### C. Discussion

Here, the parties request an extension of the discovery and dispositive motion deadlines on the basis that Plaintiff has not been communicating with his counsel. The parties assert that without Plaintiff's full and complete answers to discovery, the State Defendants are unable to depose Plaintiff, and neither party is prepared to file dispositive motions by the respective deadline.

But "[l]ack of communication between attorney and client [is] not a basis for showing of good cause . . . ." *Lapsley v. Fries*, No. 1:11-cv-99, 2012 WL 2721909, at *3 (N.D. Ind. July 9, 2012) (alteration in original) (quoting *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994)); *see also Katsiavelos v. Fed. Reserve Bank of Chicago*,

2

No. 93 C 7724, 1995 WL 398901, at *3 (N.D. Ill. June 30, 1994) (finding that plaintiff's disagreements or lack of communication with counsel did not justify an additional extension to the discovery period).

The parties have already received one extension to the discovery period, and the final pretrial conference and trial dates have been set for April 2015. An extension of the discovery and dispositive motion deadlines at this juncture would jeopardize the final pretrial conference and trial dates. "[T]his Court takes seriously the scheduling orders it issues–and so should the litigants." *S.E.C. v. Lipson*, No. 97 C 2661, 1999 WL 104357, at *2 (N.D. Ill. Feb. 24, 1999); *see also Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996) ("A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored.").

Accordingly, because the parties have failed to proffer a sufficient basis for a finding of good cause to extend the discovery and dispositive motion deadlines, and because the extension would jeopardize the current final pretrial conference and trial dates, the Joint Motion for Extension will be DENIED.

*D. Conclusion*

For the forgoing reasons, the Joint Motion for Extension of Discovery Deadline (Docket # 95) is DENIED. Should good cause later be shown, any subsequent motion should include a request to extend the final pretrial conference and trial dates.

SO ORDERED.

Entered this 22nd day of October 2014.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge