UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| RONALD FIELDS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL NO. 1:13-CV-189 RLM |
| | ) | |
| JOHN FOLK, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

## OPINION AND ORDER

Ronald Fields filed an amended complaint under 42 U.S.C. § 1983 against various State Excise Officers, the City of Marion, Captain Faw of the Marion Police Department, and the State of Indiana alleging that he was the victim of an illegal search and seizure on July 1, 2012, when police raided his bar, "One Nation." The amended complaint also asserted claims of battery, excessive force, false arrest, false imprisonment "as well as the laws and public policies of the State of Indiana." The claims against all but the six excise officers were dismissed [Doc. Nos. 61 and 87], and summary judgment was granted on April 8, 2015 with respect to all but one claim – Mr. Field's unreasonable search and seizure claim against Excise Officers Folk (retired), Drake, Catterson, Tackett, and Mayotte based on the seizure of two flat screen TV's during the raid. The defendants' second motion for summary judgment on that claim is before the court. For the following reasons, the motion is granted.

I. STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact, such that the movant is entitled to judgment as a matter of law. Protective Life Ins. Co. v. Hansen, 632 F.3d 388, 391-92 (7th Cir. 2011). The court construes the evidence and all inferences that reasonably can be drawn from the evidence in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the opposing party can't rest upon the allegations in the pleadings, but must "point to evidence that can be put in admissible form at trial, and that, if believed by the fact-finder, could support judgment in his favor." Marr v. Bank of America, N,A., 662 F.3d 963, 966 (7th Cir. 2011); *see also* Hastings Mut. Ins. Co. v. LaFollette, No. 1:07-cv-1085, 2009 WL 348769, at *2 (S.D. Ind. Feb. 6, 2009)("It is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which he relies."); Hammel v. Eau Galle Cheese Factory, 407 F.3d 852, 859 (7th Cir. 2005) (summary judgment is "not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events").

II. Discussion

The defendants moved for summary judgment on Mr. Fields' remaining unlawful search and seizure claim, contending that the flat screen televisions seized during the search of his bar had the capacity to be, and/or were in fact, used for surveillance purposes, and so were within the scope of the warrant, which authorized the officers to seize "[a]ny surveillance equipment used to observe, from inside the residence, building or other structure, anyone who might attempt to approach the residence, building, or other structure." In support, they submitted the affidavit of Master Officer Michelle Catterson, the Evidence Technician at the scene, and photographs Officer Catterson took during the search.

Officer Catterson attests in her affidavit that: (1) "[she] was responsible for determining which items were seized pursuant to the warrant"; (2) a DVR surveillance system with cameras "was hooked up to one of the flat screen televisions and was in use, running through the television, when [officers] arrived to execute the warrant"; (3) "[she] personally unhooked the television from the DVR system"; (4) based on the proximity of the televisions and the fact that the DVR system had a capacity of up to 8 channels, she believed that both televisions "were or could be used to view the various cameras set up around the interior and exterior of the building", and ensured that both were taken; and (5) she took photos of the evidence seized, including the DVR surveillance system and televisions. The photographs show two televisions sitting or hanging side-by-side

in the bar; one is off, the other shows a split screen with "CH4" at the top of the screen a picture of the interior of the bar, and "CH7" at the bottom of the screen showing "VIDEO LOSS."

In response, Mr. Fields says there are genuine issues for trial and "sufficient evidence favoring the plaintiff" for a jury to return a verdict in his favor, but he hasn't presented any evidence or identified a genuine issue of fact that would preclude the entry of judgment for the remaining defendants. To prevail, Mr. Fields had to "point to evidence that can be put in admissible form at trial, and that, if believed by the fact-finder, could support judgment in his favor." Marr v. Bank of America, N,A., 662 F.3d 963, 966 (7th Cir. 2011). He hasn't done that.

The undisputed evidence in this case shows that the defendants had a reasonable, good faith belief that the televisions were being used as "surveillance equipment" and were covered under the warrant. Absent evidence to the contrary, there is no Fourth Amendment violation. *See* United States v. Aljabari, 626 F.3d 940, 947 (7th Cir. 2010).

Accordingly, the court GRANTS the defendants' second motion for summary judgment [Doc. No. 160], and DENIES AS MOOT the defendants' motion in limine [Doc. No. 152]. The Clerk is directed to enter judgment accordingly.

SO ORDERED.

ENTERED:   September 29, 2016

／s/ Robert L. Miller, Jr.
Judge
United States District Court

4